FILED IN MY OFFICE
DISTRICT COURT CLERK
11/1/2017 2:57:03 PM
James A. Noel
Catherine Chavez

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

Sara Crecca as next friend of H.S., and
M.S.

       Plaintiffs,

vs.                                  No.   D-202-CV-2017-07886

WALGREENS,

Defendant.

## COMPLAINT FOR VIOLATIONS OF THE NEW MEXICO HUMAN RIGHTS ACT

      Plaintiffs M.S. and H.S., through her next friend Sara Crecca, respectfully bring this action pursuant to the New Mexico Human Rights Act, NMSA 1978 §§ 28-1-1 to -13 (1969, as amended through 2007).

## INTRODUCTION

      H.S. is a young woman; M.S. is her mother.  In August 2016, M.S. and H.S. were unlawfully discriminated against on the basis of H.S.'s sex by a Walgreens pharmacy in Albuquerque, New Mexico, in violation of the New Mexico Human Rights Act (NMHRA). Walgreens denied M.S. service at its pharmacy after she attempted to fill a valid prescription related to H.S.'s contraceptive health needs. The pharmacist on duty refused to fill the prescription based on his personal opposition to allowing women to access certain reproductive health care.  In accordance with Walgreens' company policy, M.S. was turned away and forced to travel to a different pharmacy to fill her daughter's prescription as a result of this denial.



As a retail pharmacy that offers its services to the public, Walgreens is subject to the antidiscrimination provisions of the NMHRA that prohibit any public accommodation from making "a distinction, directly or indirectly, in offering or refusing to offer its services, facilities, accommodations, or goods to any person because of . . . sex . . ." NMSA 1978 § 28-1-7(F). When Walgreens fails to fill a prescription for reasons related to women's reproductive health, it unlawfully discriminates on the basis of sex. As a large corporation with numerous employees, Walgreens – a business that serves the public – can and must fill prescriptions without imposing a discriminatory burden on women.

Forcing a woman to travel to an alternate pharmacy for a reproductive health medication when the medication is in-stock and validly prescribed, imposes an unlawful discriminatory burden.  In addition to the inconvenience of having to travel to another location, M.S. and H.S. suffered the indignity of being denied a service and turned away solely as a result of H.S.'s sex. This is exactly the kind of discrimination that the New Mexico Human Rights Act prohibits.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to NMSA1978 §§ 28-1-10(D) and -13, which grant a right to appeal an order of nondetermination from the Human Rights Bureau through a trial de novo in district court. Plaintiffs each received an order of nondetermination on August 7, 2017, thus satisfying exhaustion requirements. *See Rist v. Design Center at Floor Concepts*, 314 P.3d 681, 685 (2013). See Orders of Nondetermination attached as Exhibits 1 and 2.

2.      Venue is proper in this Court pursuant to NMSA 1978, § 28-1-13. The Walgreens pharmacy where the discriminatory practice occurred is located and does business in Bernalillo County.

## PARTIES

3.      Plaintiff H.S. is a seventeen-year-old woman residing in Albuquerque, New Mexico. She was fifteen years old at the time the challenged discrimination occurred. Plaintiff H.S. brings this action by and through her next friend, Sara Crecca, who is an attorney licensed to practice law in the state of New Mexico.

4.      Plaintiff M.S. is the mother of H.S. She is a resident of Albuquerque, NM.

5.      Defendant Walgreens, an Illinois corporation, is one of the largest retail drugstore chains in the U.S., with more than 8,000 stores in all 50 states, the District of Columbia, Puerto Rico, and the U.S. Virgin Islands. As of August 31, 2016, according to its website, Walgreens owned and operated 72 drugstores in the state of New Mexico, one of which is Store #4911, located at 6000 Coors Blvd NW in Albuquerque, New Mexico.

## FACTUAL ALLEGATIONS

6.      H.S. is a minor female.

7.      On or about August 8, 2016, Plaintiff M.S., acting as H.S.'s parent and guardian, went to Walgreens Store #4911 -- the pharmacy that regularly fills her family's prescriptions -- to fill three prescriptions for H.S. in preparation for a procedure to insert an intrauterine device (IUD), which is a long-acting, highly effective form of contraception.

8.      H.S.'s medical provider prescribed H.S. three medications: a mild pain reliever, an anti-anxiety medication, and a medication called Misoprostol.

9.      Misoprostol is an FDA-approved medication indicated for reducing the risk of gastric ulcers induced by nonsteroidal anti-inflammatory drugs, including aspirin, for both men and women. It is also commonly used and prescribed to women for a variety of obstetrical and gynecological uses, including medical management of miscarriage; induction of labor; treatment

of postpartum hemorrhage; and cervical preparation before IUD insertion, which was the purpose of H.S.'s prescription. When used in combination with another medication called Mifeprex, Misoprostol can also be used safely to end an early pregnancy.

10.     When picking up the prescriptions at the pharmacy counter, the on-duty pharmacist told M.S. that he had filled two of the three prescriptions, but that she would have to go to a different Walgreens pharmacy to fill the Misoprostol. When M.S. asked for an explanation, the pharmacist told her that the pharmacy did, in fact, have the medication in stock, but that he would not fill the prescription because of his personal beliefs.

11.     Walgreens did not have a back-up pharmacist on duty, nor did they make any known efforts to arrange for a back-up pharmacist to come and fill the prescription onsite. The only solution that Walgreens' staff offered M.S. was to transfer the prescription to another pharmacy.

12.     M.S. could not come back on a later date to fill the prescription because her daughter's appointment was scheduled for the following day and she was instructed to take the medication the night before the appointment.

13.     M.S. had no choice but to leave Walgreens Store #4911 and drive to a different Walgreens pharmacy to fill the prescription for Misoprostol.

14.     M.S. was upset and outraged about the refusal of service.

15.     After arriving at the second Walgreens pharmacy, M.S. spoke with a pharmacy staff member behind the counter there about her experience at Walgreens Store #4911. The staff member she spoke to at the second pharmacy suggested that she go back to Walgreens Store #4911 to speak with management.

16.     M.S. immediately returned to Walgreens Store #4911 and asked to speak to a manager. After informing the assistant manager about her experience, she accompanied her to speak with the pharmacist again directly. When M.S. asked the pharmacist why he had refused to fill H.S.'s valid prescription, he said he was refusing to fill the prescription because he had a "pretty good idea" what the medication would be used for.

17.     M.S. understood that the pharmacist had refused to fill her prescription because he had assumed H.S. would use the medication for an abortion. While the medication was not prescribed to end a pregnancy, it was prescribed to assist with a contraceptive procedure related to women's reproductive health.

18.     Both abortion and IUDs are linked to a woman's ability to become pregnant and to their ability to control their fertility. As the New Mexico Supreme Court has noted when identifying discrimination prohibited under the New Mexico Constitution, "'[s]ince time immemorial, women's biology and ability to bear children have been used as a basis for discrimination against them.'" *New Mexico Right to Choose/NARAL v. Johnson*, 126 N.M. 788 (1998) (*quoting Doe v. Maher*, 515 A.2d 134, 159 (1986)).

19.     Denials of medications that allow women to control their fertility perpetuate sex-based stereotypes about women and their role in society. Access to such medications enable women to decide if and when to become a parent and allow them to make decisions that affect their education, employment, family, and health.

20.     Had H.S. been a man with a valid prescription for the same medication, the prescription would have been filled at Walgreens Store #4911.

21.     This experience caused M.S. to feel judged, disrespected, embarrassed, and intimidated. She also felt protective of her daughter, H.S., and did not want her to experience

feelings of shame or stigma related to her reproductive health or the medication prescribed to her by her medical provider.

22.     When M.S. told H.S. about the discrimination she had suffered, H.S. felt disbelief and anger. She felt that she was being made to seek Walgreens' permission to access her chosen contraceptive method.

23.     Previous to this incident, M.S. and H.S. felt comfortable and confident at Walgreens, and they felt safe asking pharmacy staff any and all medication related questions. The above damaged their trust in Walgreens and pharmacy staff.

24.     In the weeks following this incident, a Walgreens District Manager contacted M.S. He confirmed that the pharmacy had acted pursuant to Walgreens' policy when staff transferred H.S.'s prescription to another Walgreens pharmacy and sent M.S. to retrieve it after the pharmacist on-site refused to fill the prescription because of his religious and moral beliefs.

25.     According to Walgreens' website, there are 72 licensed Walgreens pharmacies in 23 cities or towns in New Mexico. Some of these pharmacies are many miles away from another Walgreens location. For example, there is only one Walgreens in Gallup, NM; the closest alternate Walgreens location is in Grants, NM— over 60 miles away. Similarly, there is only one Walgreens in Clovis, NM; the nearest alternate Walgreens is in Amarillo, TX – 106 miles away.

26.     Plaintiffs each filed a complaint on June 2, 2017 with the New Mexico Human Rights Bureau, as permitted under the NMHRA. On August 4, 2017, plaintiffs requested orders of nondetermination from the Bureau, as permitted under N.M.S.A. § 28-1-10(D), which provides: "A person who has filed a complaint with the human rights division may request and shall receive an order of nondetermination from the director without delay. . ." On August 7,

2017, plaintiffs received the requested orders from the Bureau, triggering the right to file suit in this Court.

## CLAIM FOR VIOLATION OF THE NEW MEXICO HUMAN RIGHTS ACT

27.     Plaintiffs incorporate by reference the preceding paragraphs as though fully stated herein.

28.     As an establishment that provides or offers services, facilities, accommodations or goods to the public, a Walgreens pharmacy licensed to do business in the state of New Mexico is a "public accommodation" as defined by N.M.S.A. § 28-1-2(H).

29.     Under the New Mexico Human Rights Act, it is an unlawful discriminatory practice for a public accommodation, "to make a distinction, directly or indirectly, in offering or refusing to offer its services, facilities, accommodations or goods to any person because of race, religion, color, national origin, ancestry, sex, sexual orientation, gender identity, spousal affiliation or physical or mental handicap…" N.M.S.A. § 28-1-7(F).

30.     New Mexico state regulations promulgated under the Human Rights Act define sex discrimination as discrimination on the basis of "pregnancy, childbirth, or related condition." NMAC § 9.1.1. In other words, public accommodations may not make a distinction, directly or indirectly, in offering or refusing to offer services, facilities, accommodations or goods to women based on their reproductive health needs.

31.     When M.S. attempted to fill a prescription for H.S.'s medication, Walgreens refused her service because she sought care for a purpose related to women's reproductive health.

32.     Rather than ensure that women in these circumstances remain able to access their reproductive health medications without facing discrimination, Walgreens has implemented a

policy whereby women bear the entire burden of accommodating its employees' religious or moral objections.

33.    Even though the medication was in stock, Walgreens turned M.S. away from the pharmacy at which she sought service, for a reason related to reproductive health.  Walgreens required M.S. to go to another pharmacy in order to fill H.S.'s prescription because of sex.

34.    When Walgreens treats women in this way, it clearly "makes a distinction, directly or indirectly, in offering or refusing to offer its services," and thus, engages in unlawful sex discrimination under the New Mexico Human Rights Act.

35.    As a public accommodation, Walgreens has a duty to ensure that customers are not discriminated against, even when accommodating employees' religious or moral objections to providing services.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully seek the following relief:

1. A declaration that Walgreens discriminated against Plaintiffs in violation of the New Mexico Human Rights Act;

2. Injunctive relief requiring Walgreens to change its policy to ensure that women are able to fill their valid reproductive health prescriptions at Walgreens without experiencing discrimination;

3. Compensatory damages;

4. Costs of suit, including but not limited to attorneys' fees; and

5. Such further relief as the Court deems proper and the law allows.

DATE: November 1, 2017                    Respectfully submitted,


                                          */s/ Erin Armstrong*
                                          Erin Armstrong
                                          ACLU of New Mexico
                                          P.O. Box 566
                                          Albuquerque, NM 87103-0566
                                          P: (505) 266-5915 Ext. 1010
                                          F: (505) 266-5916
                                          earmstrong@aclu-nm.org

                                          Alexandra Freedman Smith
                                          Law Office of Alexandra Freedman Smith
                                          925 Luna Cir. NW
                                          Albuquerque, NM 87102
                                          P: (505) 314-8884
                                          F: (505) 835-5658
                                          asmith@smith-law-nm.com

                                          Laura Schauer Ives
                                          Kennedy Kennedy & Ives
                                          1000 Second St. NW
                                          Albuquerque, NM 87102
                                          P: (505) 244-1400
                                          F: (505) 244-1406
                                          lsi@civilrightslaw.com

                                          Pamelya Herndon
                                          Southwest Women's Law Center
                                          1410 Coal Ave. SW
                                          Albuquerque, NM 87104
                                          P: (505) 244-0502
                                          F: (505) 244-0506
                                          pherndon@swwomenslaw.org



SUSANA MARTINEZ
GOVERNOR

CELINA BUSSEY
SECRETARY

JOHN SANCHEZ
LT. GOVERNOR

**STATE OF NEW MEXICO
DEPARTMENT OF WORKFORCE SOLUTIONS**

**Labor Relations Division**
Human Rights Bureau
1596 Pacheco St., Ste. 103
Santa Fe, NM 87505-3979
Phone: (505) 827-6838

## ORDER OF NON-DETERMINATION

August 7, 2017

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**
Sara Crecca Next Friend to H.S.
c/o Erin Armstrong, ACLU NM Attorney
1410 Coal Ave. SW
Albuquerque, NM 87104

Re:     Sara S. Crecca next friend to H.S. vs Walgreens/▓▓▓▓▓▓▓
        HRB # 17-06-02-0173

Dear Ms. Crecca and H.S.:

As authorized by Section 28-1-10 (D) of the New Mexico Human Rights Act, this letter
constitutes an Order of Non-Determination as to your complaint.  Section 28-1-10 (D) of
the Act permits any person who has filed a timely complaint with the Human Rights
Bureau to request an Order of Non-Determination.  Section 28-1-10 (D) also requires that
the Director of the Bureau issue an Order of Non-Determination when a proper request
for the order is made.

By issuing this Order of Non-Determination, the Bureau has closed this complaint
administratively, with prejudice.  Therefore, you may not file this complaint again with
this Bureau.  You may obtain a new trial however, by appealing this Order of Non-
Determination to the proper district court.  According to Section 28-1-13 (A) of the New
Mexico Human Rights Act, you have ninety (90) days from the date of service of this
Order of Non-Determination to file notice of appeal in the district court of the county
where the alleged discriminatory practice occurred or where the respondent does
business.  The Bureau should not be named as a party to the appeal, unless you have an



EXHIBIT
1

independent and separate claim against the Bureau.  Section 28-1-13 (A) of the Act also requires that you serve a copy of the notice of appeal personally or by certified mail, return receipt requested, at the last known address of all parties.  You also must serve a copy of the notice of appeal on the bureau office in Santa Fe.  To properly serve the parties, you must comply with any other service of process requirements set forth in the New Mexico Rules of Civil Procedure at 1-004.

**IF YOU DO NOT FILE A NOTICE OF APPEAL WITH THE APPROPRIATE DISTRICT COURT WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS ORDER, AND IF YOU DO NOT PROPERLY SERVE THE NOTICE, YOUR RIGHT TO APPEAL THIS ORDER OF NON-DETERMINATION TO THE DISTRICT COURT WILL EXPIRE.**

If you have any question concerning this Order of Non-Determination, you may contact the Human Rights Bureau at 827-6838.

Sincerely,

Jason Dean
Division Director

cc:     Alex C. Walker



**SUSANA MARTINEZ**
**GOVERNOR**

**CELINA BUSSEY**
**SECRETARY**

**JOHN SANCHEZ**
**LT. GOVERNOR**

**STATE OF NEW MEXICO**
**DEPARTMENT OF WORKFORCE SOLUTIONS**

Labor Relations Division
Human Rights Bureau
1596 Pacheco St., Ste. 103
Santa Fe, NM 87505-3979
Phone: (505) 827-6838

## ORDER OF NON-DETERMINATION

August 7, 2017

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**
M.S.
c/o Erin Armstrong, ACLU NM Attorney
1410 Coal Ave. SW
Albuquerque, NM 87104

Re:   M.S. vs Walgreens/▬▬▬▬▬
       HRB # 17-06-02-0172

Dear Mrs. M.S:

As authorized by Section 28-1-10 (D) of the New Mexico Human Rights Act, this letter
constitutes an Order of Non-Determination as to your complaint. Section 28-1-10 (D) of
the Act permits any person who has filed a timely complaint with the Human Rights
Bureau to request an Order of Non-Determination. Section 28-1-10 (D) also requires that
the Director of the Bureau issue an Order of Non-Determination when a proper request
for the order is made.

By issuing this Order of Non-Determination, the Bureau has closed this complaint
administratively, with prejudice. Therefore, you may not file this complaint again with
this Bureau. You may obtain a new trial however, by appealing this Order of Non-
Determination to the proper district court. According to Section 28-1-13 (A) of the New
Mexico Human Rights Act, you have ninety (90) days from the date of service of this
Order of Non-Determination to file notice of appeal in the district court of the county
where the alleged discriminatory practice occurred or where the respondent does
business. The Bureau should not be named as a party to the appeal, unless you have an


EXHIBIT
2

independent and separate claim against the Bureau. Section 28-1-13 (A) of the Act also requires that you serve a copy of the notice of appeal personally or by certified mail, return receipt requested, at the last known address of all parties. You also must serve a copy of the notice of appeal on the bureau office in Santa Fe. To properly serve the parties, you must comply with any other service of process requirements set forth in the New Mexico Rules of Civil Procedure at 1-004.

**IF YOU DO NOT FILE A NOTICE OF APPEAL WITH THE APPROPRIATE DISTRICT COURT WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS ORDER, AND IF YOU DO NOT PROPERLY SERVE THE NOTICE, YOUR RIGHT TO APPEAL THIS ORDER OF NON-DETERMINATION TO THE DISTRICT COURT WILL EXPIRE.**

If you have any question concerning this Order of Non-Determination, you may contact the Human Rights Bureau at 827-6838.

Sincerely,

Jason Dean
Division Director

cc:     Alex C. Walker

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/1/2017 2:57:03 PM
James A. Noel
Catherine Chavez

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

Sara Crecca as next friend of H.S., and
M.S.

        Plaintiffs,

vs.                         No.   D-202-CV-2017-07886

WALGREENS,

Defendant.

## COURT ANNEXED CERTIFICATE OF NON-ARBITRATION

    Plaintiffs notify the Court that pursuant to LR2-603 this matter is not subject to court-annexed arbitration as Plaintiffs seek relief other than a monetary judgment and/or seek relief in excess of twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interests, costs, and attorney fees.

DATE: November 1, 2017        Respectfully submitted,

                              */s/ Erin Armstrong*
                              Erin Armstrong
                              ACLU of New Mexico
                              P.O. Box 566
                              Albuquerque, NM 87103-0566
                              P: (505) 266-5915 Ext. 1010
                              F: (505) 266-5916
                              earmstrong@aclu-nm.org

                              Alexandra Freedman Smith
                              Law Office of Alexandra Freedman Smith
                              925 Luna Cir. NW
                              Albuquerque, NM 87102
                              P: (505) 314-8884
                              F: (505) 835-5658
                              asmith@smith-law-nm.com

Laura Schauer Ives
Kennedy Kennedy & Ives
1000 Second St. NW
Albuquerque, NM 87102
P: (505) 244-1400
F: (505) 244-1406
lsi@civilrightslaw.com

Pamelya Herndon
Southwest Women's Law Center
1410 Coal Ave. SW
Albuquerque, NM 87104
P: (505) 244-0502
F: (505) 244-0506
pherndon@swwomenslaw.org

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/28/2017 12:08:45 PM
James A. Noel
Brittany Tso

| SUMMONS | |
|---|---|
| District Court: Second Judicial Bernalillo County, New Mexico<br>Court Address: 400 Lomas NW Albuquerque, NM 87103<br>Court Telephone Number: (505) 841-7438 | Civil Case Number: D-202-CV-2017-07886<br><br>Judge: Honorable Shannon Bacon |
| Sara Crecca as next friend of H.S., and M.S.<br>Plaintiffs,<br><br>vs.<br><br>WALGREENS,<br>Defendant. | To Defendant:<br>WALGREENS<br>c/o Registered Agent CSC of Lea County Inc.<br>123 East Marcy Street, Suite 101<br>Santa Fe, NM 87501 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

    1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

    2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

    3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

    4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

    5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

    6. If you need an interpreter, you must ask for one in writing.

    7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

    Dated at _____, New Mexico, this _____ day of _11/6/2017_,

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _____
         Deputy Clerk

Attorneys for Plaintiffs

*/s/ Erin Armstrong*
Erin Armstrong
ACLU of New Mexico
P.O. Box 566
Albuquerque, NM 87103-0566
P: (505) 266-5915 Ext. 1010
F: (505) 266-5916
earmstrong@aclu-nm.org

Alexandra Freedman Smith
Law Office of Alexandra Freedman Smith
925 Luna Cir. NW
Albuquerque, NM 87102
P: (505) 314-8884
F: (505) 835-5658
asmith@smith-law-nm.com

Laura Schauer Ives
Kennedy Kennedy & Ives
1000 Second St. NW
Albuquerque, NM 87102
P: (505) 244-1400
F: (505) 244-1406
lsi@civilrightslaw.com

Pamelya Herndon
Southwest Women's Law Center
1410 Coal Ave. SW
Albuquerque, NM 87104
P: (505) 244-0502
F: (505) 244-0506
pherndon@swwomenslaw.org

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO          )
                             )   ss.
COUNTY OF BERNALILLO         )


       I, being duly sworn on oath, say that I am over the age of eighteen (18) years and not a party to this lawsuit and that I served this summons  in <u>Santa Fe</u> County on <u>November 22, 2017</u> by delivering a copy of this summons with a copy of complaint attached in the following manner:

[Check one box and fill in appropriate blanks]

[ ]     To defendant _____ (to be used when person receives a copy of the summons and complaint or refuses to accept the summons and complaint)

[ ]     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*)

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]     To _____ person over eighteen (18) years of age and residing at the usual place of abode of defendant, _____, (*used when the defendant is not presently at place of abode*) located at _____ _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint the time of such service was absent there from.

[ ]     To _____ the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____(*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendants last known mailing address*)

[X]    To <u>Carla Henson – Administrative Assistant – at the Office of Scheuer  & Yost – CSC of Lea County Inc.</u> <u>located at 123 East Marcy St., Suite 101, Santa Fe, NM 87501</u> an agent authorized to receive service of process for Defendant <u>Walgreen's</u>.

[ ]     To _____ [parent] [guardian] [custodian] conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*)

[ ]     To _____ title of person authorized to receive service (used when Defendant is a corporation or association subject to suit under a common name, a land grant, board trustees, the State of New Mexico, or any political subdivision).


Fees:  $_____

                                       _____
                                       Michael Tinker - Process Server

Subscribed and sworn to before me this <u>27th</u> day of <u>November</u> , 2017

_____
Judge, Notary Public, or other Officer
Authorized to Administer Public Oaths

_____
Official Title

OFFICIAL SEAL
Mikail   Tinker
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 12-9-2019